IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CAROLINE SOLLARS,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>Defendant. | Cause No. CV-20-58-BU-BMM<br><br><br>ORDER |

**MOTION TO ALTER JUDGMENT**

The Court reversed the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying Caroline Sollars' ("Plaintiff") claims for disability insurance benefits and remanded for an immediate award of benefits beginning July 28, 2016. Doc. 14. The Commissioner moved to alter the Court's judgment, due to the Court's reliance upon 20 C.F.R. § 404.1527(c)(2), which applies only to cases filed before March 27, 2017. *See* Doc. 17 (citing 20 C.F.R. §§ 404.1520c, 416.920c). Plaintiff filed her applications in November of 2017. The Court agrees that applying the old standard constitutes clear error. *See Zimmerman*

1

*v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The Commissioner's motion to alter judgment (Doc. 17) is therefore **GRANTED**. The Court submits the following amended judgment:

## INTRODUCTION

Caroline Sollars ("Plaintiff") brings this action under 42 U.S.C. § 405(g) seeking judicial review of an unfavorable decision by the Commissioner. Docs. 2 & 11. Plaintiff was denied disability benefits at the initial and reconsideration levels. Doc. 9-2 at 2, 11. Administrative Law Judge ("ALJ") Michael A. Kilroy issued an unfavorable decision on April 27, 2020. Doc. 9-2 at 11–27. The Appeals Council upheld the ALJ's decision on September 23, 2020. Doc. 9-2 at 2–7. Defendant filed the Administrative Record on March 25, 2021. Doc. 9.

Plaintiff filed an opening brief on May 24, 2021. Doc. 11. Plaintiff asks the Court either to reverse or remand the decision of the ALJ for further proceedings. Doc. 11 at 28.

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Plaintiff resides in Missoula County, Montana. 29 U.S.C. § 1391(e)(1).

## PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits on November 6, 2017. Doc. 9-2 at 14. Plaintiff also protectively filed a Title XVI application for supplemental security income on October 23, 2017. *Id*. In both applications, Plaintiff alleges disability beginning July 28, 2016. *Id*.

The ALJ identified that Plaintiff had the following severe impairments: mesenteric artery stenosis, multiple sclerosis (MS), diabetes mellitus, diabetic retinopathy with loss of vision in the left eye, myofascial pain syndrome, and post-concussion syndrome with recurring headaches and migraines. *Id.* at 17–20. The ALJ further found that Plaintiff maintained the residual functional capacity to perform light work with some limitations. *Id.* at 20–26. The ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act from July 28, 2016, through the date of the ALJ decision. *Id.* at 27. The Appeals Council rejected Plaintiff's appeal on September 23, 2020. Doc. *Id.* at 2–7. Plaintiff subsequently filed the instant action on November 16, 2020. Docs. 1, 2.

## STANDARD OF REVIEW

The Court conducts a limited review in this matter. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence also has been described as "more than a mere scintilla," but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

## BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382(a)(3)(A), (B)).

Social Security Administration regulations provide a five-step sequential evaluation process to determine disability. *Bustamante v. Massanari*, 262 F.3d 949,

953–54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The five steps are as follows:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. § 416.920(e).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. § 404.1520(f), 416.920(f).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. § 416.920(g).

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof at steps one through four. *See id.* The Commissioner bears the burden of proof at step five. *See id.*

## BACKGROUND

### I.  THE ALJ'S DETERMINATION

5

The ALJ followed the 5-step sequential evaluation process in evaluating Plaintiff's claim. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 28, 2016. Doc. 9-2 at 16.

At step two, the ALJ found that Plaintiff had the following severe impairments: mesenteric artery stenosis, multiple sclerosis (MS), diabetes mellitus, diabetic retinopathy with loss of vision in the left eye, myofascial pain syndrome, and post-concussion syndrome with recurring headaches and migraines. Doc. 9-2 at 17–20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. Doc. 9-2 at 20.

At step four, the ALJ found that Plaintiff possessed the following residual functional capacity:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for the following limitations: lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for six hours total in an eight-hour workday; stand and/or walk for four hours total in an eight-hour workday; occasionally climb ramps and stairs, but she is only able to climb one flight of stairs at a time and requires the assistance of a handrail; never climb ladders, ropes, or scaffolds; never crawl; occasionally balance, stoop, kneel, and crouch; avoid concentrated exposure to extreme cold, vibrations, and uneven surfaces; and avoid even moderate exposure to hazards.

Doc. 9-2 at 20–26. Based on this residual functional capacity, the ALJ found that Plaintiff could perform her past relevant work as an administrative clerk and customer service clerk. Doc. 9-2 at 26–27. The ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act from July 28, 2016, through the date of their decision. Doc. 9-2 at 27.

## II. Plaintiff's Position

Plaintiff argues that the ALJ erred in the four following ways: (1) failing to consider properly Plaintiff's multiple sclerosis and mental limitations; (2) discounting improperly the opinions of Plaintiff's physicians; (3) discounting Plaintiff's and third-party statements regarding the severity of Plaintiff's symptoms; and (4) posing an inadequate or incomplete question for the vocational consultant's hypothetical. Doc 11.

## III. Commissioner's Position

The Commissioner asserts that the Court should affirm the ALJ's decision because the ALJ properly concluded that Plaintiff was not disabled from July 28, 2016, through the date of their decision. Doc. 12 at 6-7. The Commissioner argues, alternatively, that if the Court determines that the ALJ committed an error in the analysis a remand for further proceedings would constitute the appropriate remedy. Doc. 12 at 23–24.

## DISCUSSION

For the reasons set forth below, the Court agrees that the ALJ discounted improperly the findings, diagnoses, and objective results from Plaintiff's physicians, discounted improperly Plaintiff's symptoms and, accordingly, denied improperly Plaintiff's claim for disability benefits from July 28, 2016, through the date of the ALJ decision. Those errors prove dispositive and the Court reverses the case for an award of benefits.

### I. Legal Standard

Plaintiff argues the ALJ failed to properly weigh the objective findings and opinions of her physicians. The ALJ's evaluation of the medical opinion evidence is subject to the amended regulations pertaining to all claims filed after March 27, 2017. Under the new regulations, the ALJ "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867-68 (Jan. 18, 2017); *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2017).

These regulations do away with the traditional hierarchy between treating, examining, and non-examining physicians, and instead direct the ALJ to consider all medical opinions and prior administrative medical findings, and evaluate their persuasiveness using several listed factors. 20 C.F.R. §§ 404.1520c(a), 416.920(a).

Those factors include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c), 416.920(c). The two most important factors are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920(a).

The regulations require the ALJ to articulate how persuasive they find all of the medical opinions and prior administrative medical findings, and set forth specific "articulation requirements" for the ALJ's evaluation of the medical opinion evidence. 20 C.F.R. §§ 404.1520c(b), 416.920(b). When one medical source provides multiple opinions, the ALJ is not required to articulate how they "considered all of the factors for all of the medical opinions" and will instead articulate how they considered those opinions "together in a single analysis using the factors" listed above. 20 C.F.R. §§ 404.1520c(b)(1), 416.920(b)(1).

Supportability and consistency remain the most important factors. As a result, the ALJ must explain how they considered these factors in the decision. Generally, the ALJ is not required to explain how they considered the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920(b)(2). When the ALJ finds, however, that two or more medical opinions are equally well-supported and consistent with the record but are not exactly the same, the ALJ must articulate how they "considered the other most persuasive factors." 20 C.F.R. §§ 404.1520c(b)(3), 416.920(b)(2).

These regulations admittedly eliminate the hierarchy between treating, examining, and non-examining medical sources. The new regulations still require the ALJ to provide legally sufficient reasons supported by substantial evidence for finding a medical opinion unpersuasive. *See, e.g.*, *Beason v. Saul*, 2020 WL 606760, *3 (C.D. Cal. Feb. 7, 2020).

**Application to Plaintiff's Claim**

The ALJ found that the medical evidence of record displayed that Plaintiff suffered mesenteric artery stenosis, multiple sclerosis, diabetes mellitus, diabetic retinopathy with loss of vision in the left eye, myofascial pain syndrome, and post-concussion syndrome with recurring headaches and migraines. Doc. 9-2 at 17. The ALJ further found that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms" resulting in disability, including problems with standing, walking, talking, seeing, lifting, squatting, bending, memory, completing tasks, concentration, understanding, following instructions, and getting along with others. Doc. 9-2 at 21. The ALJ concluded, however, that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ dismissed Plaintiff's mental impairments when determining residual functional capacity. *Id.* at 20-21. The ALJ erroneously failed to address the supportability and consistency factors in any meaningful way when finding

10

unpersuasive the opinions of Plaintiff's primary physician and state agency medical consultants. 20 C.F.R. §§ 404.1520c(a), 416.920(a). The ALJ's findings are thus not legally sufficient and lack support from substantial evidence.

The ALJ committed clear error by entirely ignoring the findings of Plaintiff's primary physician, Dr. Kress, and state agency medical consultants regarding Plaintiff's mental health. The ALJ ignored Dr. Kress's findings because they were presented in "check-box" form and because Plaintiff had held two brief periods of employment. Doc. 9-2 at 25. An ALJ may only discredit a physicians' findings that are "conclusory, brief, *and unsupported by the record as a whole or by objective medical findings*." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

The ALJ was correct that Dr. Kress's *ultimate* findings were presented in "check-box" form, with little other information. Doc. 9-8 at 770-72. The ALJ erred, however, because the record supports Dr. Kress's findings. When the record supports "check-box" findings from a physician, those findings cannot be dismissed. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Dr. Kress's findings were supported by other physician's findings, *see, e.g.*, Doc. 9-7 1175-77; Doc 9-8 at 186-92, 194, the Plaintiff's own testimony, *see* Doc 9-2 at 60-82, and were consistent with Dr. Kress's many treatment notes in the record from over 63 visits with Plaintiff. *See, e.g.*, Doc. 9-7 at 528-45, 568-91, 823-26; Doc. 9-8 at 155-58, 408-37, 769. The

ALJ overlooked the consistency of Dr. Kress's findings and the support for his findings in the record. The ALJ broadly cited other medical findings as contradicting Dr. Kress's mental health analysis, but no substantial evidence exists of contrary opinions within those citations.

The ALJ clearly erred in the assessment of the medical evidence. The ALJ chose to dismiss the pervasive evidence from Plaintiff's numerous treatment sessions with Dr. Kress and other treating physicians without legally sufficient reasons for rejecting the evidence. Had the ALJ actually identified conflicting medical opinions that were equally supported and consistent, the ALJ would have been required to explain how they "considered the other most persuasive factors." 20 C.F.R. §§ 404.1520c(b)(3), 416.920(b)(2). Dr. Kress's findings were consistent, supported, and Dr. Kress's relationship with Plaintiff is the longest and most frequent of any provider. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those findings cannot be summarily dismissed by the ALJ.

The Commissioner argues that *Batson* and *Burrell* are no longer controlling cases in light of the new regulations that eliminate the hierarchy between treating, examining, and non-examining physicians. The Court agrees that the emphasis those cases place on a treating physician is no longer persuasive. The Court determines, however, that the reasoning in *Batson* and *Burrell* relating to the consistency and supportability of a medical opinion still applies. *Batson* and *Burrell* require an ALJ

to adequately consider the findings of a claimant's physician unless the physician's findings are merely conclusory and unsupported by the record. *Batson*, 359 F.3d at 1195; *Burrell*, 775 F.3d at 1140. That requirement applies to the ALJ's reasoning in this case. The new regulations do away with the tiered approach to medical opinions, but do not disturb those medical opinions when a physician's "check-box" medical opinion is supported by evidence in the record.

The ALJ also based their mistaken analysis of Plaintiff's symptoms on evidence of Plaintiff's occasional ability to conduct the activities of daily living and isolated examples of pain alleviation. The ALJ dismissed Plaintiff's symptoms when assessing the Plaintiff's residual capacity by pointing to the fact that Plaintiff held two temporary jobs as a waitress in 2018 and 2019. *See* Doc. 9-2 at 16-20, 24-25. Evidence of Plaintiff's failed attempts to work—where that work is not substantial gainful activity—does not give an ALJ leave to ignore the findings of the Plaintiff's physicians. "It is an error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *see also Smith v. Kijakazi*, No. 20-35487, 2021 WL 4486998, at *6 (9th Cir. Oct. 1, 2021) ("[I]n many mental health conditions, '[c]ycles of improvement and debilitating symptoms are a common occurrence.'").

13

The ALJ used Plaintiff's two periods of temporary work to summarily dismiss the Plaintiff's mental and physical impairments. Doc. 9-2 at 18-19. The ALJ ignored the fact that Plaintiff's IQ testing demonstrated that her Full-Scale IQ composite score was 74 (4th percentile), working memory composite score was 66 (1st percentile), processing speed composite score was 76 (5th percentile), and verbal comprehension composite score was 80 (9th percentile). Doc 9-7 at 994. The ALJ also failed to properly address Dr. Kress's or Dr. Davis's findings that Plaintiff suffers from severe depression, suicidal ideations, and impaired judgment. *See, e.g.*, Doc 9-8 at 769; *Id.* at 186-188. As a result, the ALJ did not submit any form of mental impairment in the hypothetical for the vocational expert. Doc. 9-2 at 26-27. The ALJ's omission constitutes legal error.

The ALJ improperly discounted the findings, diagnoses, and objective results from the Plaintiff's physicians, and accordingly, improperly denied Plaintiff's claim for disability benefits. The ALJ must provide legally adequate reasoning for the weight that the ALJ affords a physicians' opinions. The ALJ's justification for granting the treating physicians' opinions such little weight proves insufficient. *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.920(b)(2). The ALJ committed legal error when failing to provide a legitimate reason for declining to afford any weight to the Plaintiff's primary and state physicians' opinions, which were consistent, supported,

and came from Plaintiff's medical provider with the most extensive record. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

## II. Remedy

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). When the record is fully developed and further proceedings would serve no useful purpose, the Court may remand for an immediate award of benefits. *Id.* Remand for an award of benefits proves appropriate if there are no outstanding issues that must be resolved before a determination of disability can be made and if it is clear from the record that the ALJ would be required to find the claimant disabled if the ALJ properly had credited a treating or examining physician's opinion. *Id.* (citing *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)).

Remand for an immediate award of benefits proves appropriate here. The record is fully developed, and further proceedings would serve no useful purpose. No outstanding issues exist that must be resolved before a determination of disability can be made. The ALJ developed a record that shows plaintiff suffered from severe impairments since July 28, 2016. Doc. 9. It is clear from the record that the ALJ would have been required to find Plaintiff disabled beginning July 28, 2016, if the ALJ had properly weighed the opinions of Plaintiff's physicians, observed Plaintiff's mental impairments, and not focused mistakenly on Plaintiff's failed attempts to

secure employment. Unlike the cases the Commissioner cites where remand was appropriate, the record contains no "inconsistent" reports from Plaintiff's physicians. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015), as amended (Feb. 5, 2016). The medical evidence required the ALJ to include the Plaintiff's mental impairment in the hypothetical for the vocational expert. Had the Plaintiff's mental impairment been included in the hypothetical, the ALJ would have been require to find that the Plaintiff could not do any work. *See* Doc. 9-2 at 97. The inability to do any work requires a finding of disability. *See* 20 C.F.R. § 404.1520(f-g). The Court will reverse the Commissioner's final decision denying Plaintiff disability insurance benefits beginning July 28, 2016, and remand for an immediate award of benefits.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Alter Judgment (Doc. 11) is **GRANTED**;

2. The Commissioner's final decision denying Plaintiff's claims for disability insurance benefits is **REVERSED** and **REMANDED** for an immediate award of benefits beginning July 28, 2016.

3. The Clerk of Court is directed to enter judgment accordingly.

DATED this 25th day of October, 2021.

_____
Brian Morris, Chief District Judge
United States District Court